18-1027-cv
*Int'l Leisure Prods., Inc. v. Sunnylife Austl., et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of December, two thousand eighteen.

PRESENT:  JOSÉ A. CABRANES,
                    ROSEMARY S. POOLER,
                    CHRISTOPHER F. DRONEY,
                             *Circuit Judges.*

---

INTERNATIONAL LEISURE PRODUCTS, INC.,

        *Plaintiff-Appellant,*                                   18-1027-cv

        v.

SUNNYLIFE AUSTRALIA, SUNNYLIFE USA,
BLOOMINGDALES, INC.,

        *Defendants-Appellees,*

BLOOMINGDALE'S,

        *Defendant.*

---

1

**FOR PLAINTIFF-APPELLANT:**  BRIAN L. WAMSLEY, Ware, Fressola, Maguire & Barber LLP, Monroe, CT.

**FOR DEFENDANTS-APPELLEES:**  CHESTER ROTHSTEIN (Marc J. Jason, *on the brief*), Amster, Rothstein & Ebenstein LLP, New York, NY.

Appeal from a March 12, 2018 judgment of the United States District Court for the Southern District of New York (Nelson R. Román, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant International Leisure Products ("ILP") appeals from a judgment of the District Court dismissing under Federal Rule of Civil Procedure 12(b)(6) its claims for, *inter alia*, trade dress infringement and unjust enrichment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court recently held that ILP's claimed trade dress is "impermissibly overbroad" and not protectable. *See Int'l Leisure Prods., Inc. v. Funboy LLC*, No. 17-3982-cv, 2018 WL 4224335, at *3 (2d Cir. Sept. 6, 2018) (analyzing an identical trade dress). In a letter submitted pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure and dated September 26, 2018, the parties requested that this Court "stay" the present appeal pending final resolution of *Funboy*. The mandate in *Funboy* having issued on October 17, 2018, we affirm the District Court's dismissal of ILP's Second Amended Complaint ("SAC") with prejudice. We further find no "abuse of discretion" in dismissing with prejudice the SAC where: (1) ILP amended its pleading once as of right before effectuating service and a second time after receiving notice of the anticipated motion to dismiss; (2) ILP did not seek leave from the District Court to file a third amended complaint; and (3) where ILP's proposed amendment would not cure its pleading deficiencies. *See TechnoMarine S.A. v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (applying "abuse of discretion" review to a district court's denial of leave to amend).

## CONCLUSION

We have reviewed all of the arguments raised by Plaintiff-Appellant on appeal and find them to be without merit. The March 12, 2018 judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk